UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIHAD HOSSEIN,

    Plaintiff,         Case Number 12-14969
v.                Honorable David M. Lawson

CITY OF DEARBORN HEIGHTS,
DAVID D. TURFE, MARK J.
PLAWECKI, LEE GAVIN, D. MUELLER,
M. GUZOWSKI, DOE NO. 1, identified as
Badge No. 19, and DOE NO. 2, identified as
Court Clerk,

    Defendants.
_____/

**ORDER DISMISSING ALL CLAIMS AGAINST DAVID D. TURFE AND
MARK J. PLAWECKI ONLY, AND DISMISSING TIME-BARRED CLAIMS
FOR UNLAWFUL ARREST AND EXCESSIVE FORCE**

On November 7, 2012, the plaintiff filed his complaint alleging unlawful arrest and excessive force during arrest. The complaint appears to concern two incidents, one in 2005 and another in 2012. The plaintiff named several defendants, including David D. Turfe and Mark J. Plawecki, both of whom plaintiff identifies as state district court judges. The Court finds that any claims relating to the 2005 incident would be barred by the statute of limitations, and that the judges named as defendants are entitled to absolute immunity for any acts relating to the adjudication of matters involving the plaintiff. The Court therefore will dismiss all claims against defendants Turfe and Plawecki, and all claims relating to the 2005 incident.

The Court has granted the plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court must dismiss a complaint filed by a plaintiff who requests and is granted *in forma pauperis* status if the Court finds at any time that the complaint (1) is frivolous or malicious; (2) fails to state a claim for which relief may be granted, or (2) seeks monetary relief from

a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). "Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[T]o survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In Michigan, a three-year statute of limitations applies to claims brought under 42 U.S.C. § 1983, which the Court presumes the plaintiff intended to invoke in raising his claims of unlawful arrest and excessive force. Mich. Comp. Laws § 600.5805(10); *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). "In actions brought under § 1983, the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Ibid.* (citing *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). The plaintiff either knew of or should have discovered his injury due to any unlawful arrest and excessive force when the arrest occurred in 2005. Because the plaintiff did not file his complaint until seven years later, in 2012, he cannot plead any set of facts relating to an arrest in 2005 that would give rise to a plausible claim for relief.

"It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

"State judges enjoy absolute immunity from liability under 42 U.S.C. § 1983." *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). "Judicial immunity exists even where a judge acts corruptly or with malice." *Ibid.* Defendants Turfe and Plawecki, as state court judges, are entitled to absolute immunity against all claims that the plaintiff's complaint may be construed as raising, and the Court therefore must dismiss those claims. 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, it is **ORDERED** that all claims against defendants David D. Turfe and Mark J. Plawecki **ONLY** are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that all claims relating to any unlawful arrest or excessive force that occurred in 2005 are **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   November 20, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 20, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---